# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DERRICK STANLEY,** | Civil No. 3:11-CV-1699 |
| **Plaintiff,** | |
| | (Judge Caputo) |
| v. | |
| | (Magistrate Judge Carlson) |
| **LUZERNE COUNTY DISTRICT ATTORNEYS OFFICE, et al.,** | |
| **Defendant.** | |

## REPORT AND RECOMMENDATION

### I. STATEMENT OF FACTS AND OF THE CASE

This is a *pro se* civil rights complaint brought by Derrick Stanley, a state inmate, who alleges that he is part of a group of inmates known as the "Dallas 6," who are being prosecuted by state authorities as a result of events which allegedly took place at the State Correctional Institution, Dallas. Stanley's civil complaint asserts that these state criminal proceedings are a malicious, false prosecution brought to intimidate and retaliate against inmates at the institution. (Doc. 1) In his complaint Stanley seeks both damages and injunctive relief as a result of these alleged constitutional infractions. (Id.)

Along with his complaint, Stanley filed a motion for leave to proceed *in forma pauperis*, which we granted on September 21, 2011. (Doc. 7)  Stanley has now filed a motion for preliminary injunction, (Docs. 12 and 13), which mirrors some of the prayers for relief set forth in his initial complaint, (Doc. 1), and invites this Court to enjoin the on-going state crime prosecution of Stanley and the other members of the "Dallas 6". As part of our legally-mandated screening function in pro se prisoner litigation, we have conducted a screening review of these pleadings, seeking injunctive relief.  Having conducted this review, it is recommended that these prayers for injunctive relief be denied.

    **II.**    <u>**Discussion**</u>

        **A.**    <u>**Standards of Review**</u>

This Court has a statutory obligation to conduct a preliminary review of *pro se* pleadings from prisoners which seek redress against government officials. Specifically, we are obliged to review these pleadings pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening**. - The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a  prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**(b) Grounds for dismissal**. - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . .

We also have an obligation to carefully screen inmate *pro se* pleadings, like those filed here, which seek extraordinary, or emergency relief, in the form of preliminary injunctions. Inmate *pro se* pleadings, like those filed here, which seek extraordinary, or emergency relief, in the form of preliminary injunctions are governed by Rule 65 of the Federal Rules of Civil Procedure and are judged against exacting legal standards. As the United States Court of Appeals for the Third Circuit has explained: "Four factors govern a district court's decision whether to issue a preliminary injunction: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief, (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest." Gerardi v. Pelullo, 16 F.3d 1363, 1373 (3d Cir. 1994) (quoting SI Handling Systems, Inc. v. Heisley, 753 F.2d 1244, 1254 (3d Cir. 1985)). See also Highmark, Inc. v. UPMC Health Plan, Inc., 276 F.3d 160, 170-71 (3d Cir. 2001);

Emile v. SCI-Pittsburgh, No. 04-974, 2006 WL 2773261, *6 (W.D.Pa. Sept. 24, 2006)(denying inmate preliminary injunction).

A preliminary injunction is not granted as a matter of right. Kerschner v. Mazurkewicz, 670 F.2d 440, 443 (3d Cir. 1982) (affirming denial of prisoner motion for preliminary injunction seeking greater access to legal materials). It is an extraordinary remedy. Given the extraordinary nature of this form of relief, a motion for preliminary injunction places precise burdens on the moving party. As a threshold matter, "it is a movant's burden to show that the 'preliminary injunction must be the only way of protecting the plaintiff from harm.' " Emile, 2006 WL 2773261, at * 6 (quoting Campbell Soup Co. v. ConAgra, Inc., 977 F .2d 86, 91 (3d Cir.1992)). Thus, when considering such requests, courts are cautioned that:

> "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis deleted). Furthermore, the Court must recognize that an "[i]njunction is an equitable remedy which should not be lightly indulged in, but used sparingly and only in a clear and plain case." Plain Dealer Publishing Co. v. Cleveland Typographical Union # 53, 520 F.2d 1220, 1230 (6th Cir.1975), cert. denied, 428 U.S. 909 (1977). As a corollary to the principle that preliminary injunctions should issue only in a clear and plain case, the Court of Appeals for the Third Circuit has observed that "upon an application for a preliminary injunction to doubt is to deny." Madison Square Garden Corp. v. Braddock, 90 F.2d 924, 927 (3d Cir.1937).

Emile, 2006 WL 2773261, at *6.

Accordingly, for an inmate to sustain his burden of proof that he is entitled to a preliminary injunction under Fed.R.Civ.P. 65, he must demonstrate both a reasonable likelihood of success on the merits, and that he will be irreparably harmed if the requested relief is not granted. Abu-Jamal v. Price, 154 F.3d 128, 133 (3d Cir. 1998); Kershner, 670 F.2d at 443. If the movant fails to carry this burden on either of these elements, the motion should be denied since a party seeking such relief must "demonstrate *both* a likelihood of success on the merits and the probability of irreparable harm if relief is not granted." Hohe v. Casey, 868 F.2d 69, 72 (3d Cir. 1989)(emphasis in original) (quoting Morton v. Beyer, 822 F.2d 364 (3d Cir. 1987)).

These limitations on the power of courts to enter injunctions in a correctional context are further underscored by statute. Specifically, 18 U.S.C. §3626, limits the authority of courts to enjoin the exercise of discretion by prison officials, and provides that:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C.A. § 3626(a)(1)(A).

With respect to preliminary injunctions sought by inmates, courts are also instructed that:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity . . . in tailoring any preliminary relief.

18 U.S.C.A. § 3626(a)(2).

Furthermore, several other basic legal tenets guide our discretion in this particular case, where an inmate: (1) requests injunctive relief of a presumably permanent nature; and (2) requests relief which goes beyond merely preserving the *status quo* in this litigation, but seeks to impose new, mandatory conditions on state officials. Each of these aspects of Stanley's prayer for injunctive relief presents separate problems and concerns.

At the outset, a request for some form of mandatory proactive injunctive relief in the prison context "must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." Goff v. Harper, 60 F.3d 518 (3d Cir. 1995). In addition,

to the extent that the plaintiff seeks a preliminary injunction with some enduring effect, he must show that he will be irreparably injured by the denial of this extraordinary relief. With respect to this benchmark standard for a preliminary injunction, in this context it is clear that:

> Irreparable injury is established by showing that Plaintiff will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir.1989) ("The preliminary injunction must be the only way of protecting the plaintiff from harm"). Plaintiff bears this burden of showing irreparable injury. Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), cert. denied, 493 U.S. 848, 110 S.Ct. 144, 107 L.Ed.2d 102 (1989). In fact, the Plaintiff must show *immediate* irreparable injury, which is more than merely serious or substantial harm. ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir.1987). The case law provides some assistance in determining that injury which is irreparable under this standard. "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for ...'." Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir.1994) (citations omitted). Additionally, "the claimed injury cannot merely be possible, speculative or remote." Dice v. Clinicorp, Inc., 887 F.Supp. 803, 809 (W.D.Pa.1995). An injunction is not issued "simply to eliminate the possibility of a remote future injury ..." Acierno, 40 F.3d at 655 (citation omitted).

Messner, 2009 WL 1406986, at *4.

Furthermore, it is well-settled that "[t]he purpose of a preliminary injunction is to preserve the status quo, not to decide the issues on their merits." Anderson v. Davila, 125 F.3d 148, 156 (3d Cir. 1997). Therefore, in a case such as this, where the inmate-"Plaintiff's request for immediate relief in his motion for preliminary

injunction necessarily seeks resolution of one of the ultimate issues presented in [the] . . . Complaint, . . . [the] Plaintiff cannot demonstrate that he will suffer irreparable harm if he is not granted a preliminary injunction, because the ultimate issue presented will be decided either by this Court, upon consideration of Defendants' motion to dismiss, or at trial. As a result, Plaintiff's motion for preliminary injunction should be denied." Messner, 2009 WL 1406986, at *5.

Additionally, in assessing a motion for preliminary injunction, the court must also consider the possible harm to other interested parties if the relief is granted. Kershner, 670 F.2d at 443. Finally, a party who seeks an injunction must show that the issuance of the injunctive relief would not be adverse to the public interest. Emile, 2006 WL 2773261, at * 6 (citing Dominion Video Satellite, Inc. v. Echostar Corp., 269 F.3d 1149, 1154 (10th Cir. 2001)).

### B.     Stanley May Not Enjoin This Pending State Criminal Case

These principles apply with particular force to requests to enjoin state criminal prosecutions. While Stanley's complaint contains a request for damages, we note that the plaintiff has also requested both a preliminary and a permanent injunction, enjoining the State from pursuing its pending criminal prosecution of the Plaintiff. While the Eleventh Amendment does not forbid parties from seeking to enjoin state agencies, see Millikin v. Bradley, 433 U.S. 267, 289 (1977), this complaint, and

motion for preliminary injunction, which invite this Court to enjoin a pending state criminal case, run afoul of another settled tenet of federal law, the Younger abstention doctrine.

This doctrine is inspired by basic considerations of comity that are fundamental to our federal system of government. As defined by the courts: "Younger abstention is a legal doctrine granting federal courts discretion to abstain from exercising jurisdiction over a claim when resolution of that claim would interfere with an ongoing state proceeding. See Younger v. Harris, 401 U.S. 37, 41 (1971) ('[W]e have concluded that the judgment of the District Court, enjoining appellant Younger from prosecuting under these California statutes, must be reversed as a violation of the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances.')." Kendall v. Russell, 572 F.3d 126, 130 (3d Cir. 2009).

This doctrine, which is informed by principles of comity, is also guided by these same principles in its application. As the United States Court of Appeals for the Third Circuit has observed:

> "A federal district court has discretion to abstain from exercising jurisdiction over a particular claim where resolution of that claim in federal court would offend principles of comity by interfering with an ongoing state proceeding." Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir.2005) (citing Younger v. Harris,

> 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)). As noted earlier, the Younger doctrine allows a district court to abstain, but that discretion can properly be exercised only when (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims. Matusow v. Trans-County Title Agency, LLC, 545 F.3d 241, 248 (3d Cir.2008).

Kendall v. Russell, 572 F.3d at 131.

Once these three legal requirements for Younger abstention are met, the decision to abstain rests in the sound discretion of the district court and will not be disturbed absent an abuse of that discretion. Lui v. Commission on Adult Entertainment Establishments, 369 F.3d 319, 325 (3d Cir. 2004). However, applying these standards, federal courts frequently abstain from hearing matters which necessarily interfere with on-going state criminal cases. Lui v. Commission on Adult Entertainment Establishments, 369 F.3d 319 (3d Cir. 2004); Zahl v. Harper, 282 F.3d 204 (3d Cir. 2002).

In this case, Stanley's complaint and motion for preliminary injunction both reveal that the prerequisites for Younger abstention are present in this case. First, it is evident that there are on-going state criminal proceedings in this case. Second, it is also apparent that those proceedings afford Stanley a full opportunity to litigate these constitutional issues in the first instance in the pending state case. Finally, it

is clear that the state proceedings implicate important state interests, since this matter involves enforcement of state criminal laws.

Since the legal requirements for <u>Younger</u> abstention are fully met here, the decision to abstain rests in the sound discretion of this Court. <u>Lui v. Commission on Adult Entertainment Establishments</u>, 369 F.3d 319, 325 (3d Cir. 2004). However, given the important state interests that exist in state criminal law enforcement, and recognizing that the state courts are prepared to fully address the merits of this matter in the near future, we believe that the proper exercise of this discretion weighs in favor of abstention and dismissal of this federal case at the present time. <u>Lui v. Commission on Adult Entertainment Establishments</u>, 369 F.3d 319 (3d Cir. 2004); <u>Zahl v. Harper</u>, 282 F.3d 204 (3d Cir. 2002).

### C. **Stanley Cannot Show An Entitlement to Injunctive Relief**

Entirely aside from these threshold abstention issues, Stanley's pleadings fail on their merits to carry the plaintiff's burden of proof that he is entitled to a preliminary or permanent injunction forbidding the state from prosecuting him. As we have noted Stanley faces an exacting burden when he seeks to preliminarily or permanently enjoin this state criminal prosecution. Judged against these exacting standards, in their current form, Stanley's pleadings do not show that the plaintiff enjoys both a likelihood of success on the merits of his claims that the state courts

should be forbidden from hearing this case. Nor can he show that allowing the state criminal justice process to proceed would result in some irreparable harm. Quite the contrary, Stanley cannot show an equitable need for this extraordinary relief at this time since he can fully protect his interests by raising these issues as defenses in the pending state criminal case. or motion for injunctive relief fails. Indeed, in practice courts have been reluctant in a wide array of circumstances to accept inmate invitations to use preliminary injunctions as a means to judicially prescribe specific treatment for inmates. See, e.g., Kershner v. Mazurkiewicz, supra; Edmonds v. Sobina, 296 F. App'x 214, 216 n. 3 (3d Cir. 2008); Barnes v. Quattlebaum, No. 08-2197, 2009 WL 678165 (D.S.C. March 12, 2009); Clay v. Sobina, No. 06-861, 2007 WL 950384 (W.D.Pa. March 26, 2007); Wesley v. Vaughn, No. 99-1228, 2001 WL 1391254 (E.D.Pa. Nov. 7, 2001). In such instances, courts have typically declined such requests citing the inmate's failure to either demonstrate irreparable harm; Rivera v. Pennsylvania Dep't of Corrections, 346 F. App'x 749 (3d Cir. 2009); Rush v. Correctional Medical Services, Inc., 287 F. App'x 142 (3d Cir. 2008), or show a likelihood of success on the merits. Quinn v. Palakovich, 204 F. App'x 116 (3d Cir. 2006).

Here we find that the issue of whether Stanley can show a substantial likelihood of success on the merits of his malicious prosecution claim must await the actual outcome of that state prosecution since:

> To prove malicious prosecution under section 1983, a plaintiff must show that: *(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause;* (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003)(emphasis added). Therefore, we cannot at this juncture say that Stanley has, or can, show a likelihood of success on this claim. Instead, the outcome fo the state criminal case will largely define the viability of this claim.

Moreover, while we do not in any way diminish Stanley's complaints, we find–as many other courts have found when presented with similar complaints–that this inmate has not shown an immediate irreparable harm justifying a preliminary injunction. See, e.g., Rivera v. Pennsylvania Dep't of Corrections, 346 F. App'x 749 (3d Cir. 2009)(denying inmate request for injunction); Rush v. Correctional Medical Services, Inc., 287 F. App'x 142 (3d Cir. 2008)(same). In this regard, when considering this benchmark standard for a preliminary injunction, it is clear that: "Irreparable injury is established by showing that Plaintiff will suffer harm that

13

'cannot be redressed by a legal or an equitable remedy following trial.' <u>Instant Air Freight Co. v. C.F. Air Freight, Inc</u>., 882 F.2d 797, 801 (3d Cir.1989) ('The preliminary injunction must be the only way of protecting the plaintiff from harm')." <u>Messner</u>, 2009 WL 1406986, at *4. Moreover, in this context, the word irreparable has a specific meaning and connotes "that which cannot be repaired, retrieved, put down again, [or] atoned for ...." <u>Acierno v. New Castle County</u>, 40 F.3d 645, 653 (3d Cir.1994) (citations omitted). Thus, an injunction will not issue "simply to eliminate the possibility of a remote future injury ..." <u>Acierno</u>, 40 F.3d at 655 (citation omitted). Therefore, where an inmate-plaintiff is alleging that damages may be an adequate remedy, a preliminary injunction is often not appropriate since the inmate has not shown that he faces immediate, *irreparable* harm. <u>Rivera v. Pennsylvania Dep't of Corrections</u>, 346 F. App'x 749 (3d Cir. 2009); <u>Rush v. Correctional Medical Services, Inc</u>., 287 F. App'x 142 (3d Cir. 2008).

Applying these legal standards in a case such as this, where the inmate-"Plaintiff's request for immediate relief in his motion for preliminary injunction necessarily seeks resolution of one of the ultimate issues presented in [the] . . . Complaint, . . . [the] Plaintiff cannot demonstrate that he will suffer irreparable harm if he is not granted a preliminary injunction, because the ultimate issue presented will be decided either by this Court, upon consideration of Defendants' motion to dismiss,

or at trial. As a result, Plaintiff's motion for preliminary injunction should be denied." Messner, 2009 WL 1406986, at *5. In this case, as we view it, much of the injunctive relief sought directly relates to the merits of the ultimate issues in this lawsuit. Since the ultimate issues in this lawsuit are inextricably intertwined with the assertions in these motions for injunctive relief, a ruling on the motion might be perceived as speaking in some way to the ultimate issues in this case. In such instances we should refrain from prematurely granting such relief.

Further, we note that granting this injunctive relief would effectively have the federal courts making *ad hoc*, and individual, decisions that would intrude into the state courts in a particularly disruptive fashion. In this context, the Defendants' interests and the public's interest in permitting the state legal process to move forward would be completely frustrated by the injunctive relief proposed by Stanley. Therefore, consideration of "whether granting preliminary relief will result in even greater harm to the nonmoving party; and . . . whether granting the preliminary relief will be in the public interest," Gerardi v. Pelullo, 16 F.3d 1363, 1373 (3d Cir. 1994), weighs heavily against Stanley in this case.

In sum, in this case the Younger abstention doctrine calls upon us to deny this request and Stanley has not demonstrated a likelihood of success on the merits, and has not shown that he will suffer irreparable harm. Moreover, Stanley's motion is

procedurally flawed, and granting this extraordinary relief could harm the public's interest and the interests of the opposing parties. Therefore, an assessment of the factors which govern issuance of such relief under Rule 65 of the Federal Rules of Civil Procedure weighs against Stanley and compels us to recommend that the Court deny this motion.

### III.  **Recommendation**

Accordingly, for the foregoing reasons, upon consideration of the motion for preliminary injunction, (Doc. 12) IT IS RECOMMENDED that the motion be DENIED. The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall

witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 26th day of September, 2011.

                                             ***S/MARTIN C. CARLSON***
                                             Martin C. Carlson
                                             United States Magistrate Judge