# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DERRICK D. STANLEY, | CIVIL ACTION NO. 3:11-CV-1699 |
| Plaintiff, | (JUDGE CAPUTO) |
| v. | (MAGISTRATE JUDGE CARLSON) |
| LUZERNE COUNTY DISTRICT ATTORNEY'S OFFICE, JACQUELINE M. CARROLL, DAVID PEDRI, PENNSYLVANIA STATE POLICE, CHRISTOPHER WILSON, JAMES TUPPER, PENNSYLVANIA DEPARTMENT OF CORRECTIONS, JEFFREY BEARD, OFFICE OF PROFESSIONAL RESPONSIBILITY, JAMES BARNACLE, OTHER JANE/JOHN DOES, and THE CITIZENS VOICE, | |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court is Magistrate Judge Carlson's Report and Recommendation ("R & R") regarding Plaintiff Derrick Stanley's Motion for a Preliminary Injunction to restrain the prosecution of his pending state criminal charges. Magistrate Judge Carlson reviewed Mr. Stanley's motion pursuant to 28 U.S.C. § 1915(e)(2)(B) and recommended that the motion be denied. Because a federal court cannot enjoin the prosecution of a state criminal charge, Magistrate Judge Carlson's R & R will be adopted.

### I. Background

Mr. Stanley was previously incarcerated at SCI Dallas. On April 29, 2010, Mr. Stanley was involved in an incident at the facility. Mr. Stanley characterizes the incident as a nonviolent protest against the abusive and unlawful conditions of his confinement,

and he states that during the protest, he was hit with pepper spray, shocked with tasers, and brutally beaten by officers. Mr. Stanley filed an assault complaint with the Office of Professional Responsibility ("OPR"); attorney Bret Grote from the Human Rights Coalition ("HRC") also filed a criminal complaint against the officers on behalf of Stanley and six other inmates. Mr. Grote had published a report in April 2010 on institutional cruelty at SCI-Dallas, for which several prisoners provided affidavits. In early August 2010, Mr. Grote published another report with HRC, entitled "Resistance and Retaliation," which criticized the corrections officers, Luzerne County District Attorney, and state police for ignoring the assaults on April 29. The report included quotes from Mr. Stanley giving his account of the April 29 incident.

Defendants characterize the April 29 incident as a riot, and on August 18, 2010, the state filed charges against Mr. Stanley and the other six inmates. Stanley now petitions the Court to enjoin Defendant Luzerne County District Attorney's Office from prosecuting him for the alleged riot on April 29, on the grounds that the charges are based on falsified reports and concealment of evidence. Mr. Stanley further argues that District Attorney's Office filed the charge in retaliation for his nonviolent protest, complaint to the OPR, and participation in the HRC report.

Mr. Stanley filed the instant motion on September 23, 2011. Magistrate Judge Carlson reviewed the motion pursuant to 28 U.S.C. § 1915(e)(2), which provides that for proceedings *in forma pauperis*:

> [T]he court shall dismiss the case at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Magistrate Judge Carlson filed his R & R on September 29, 2011 and Mr. Stanley responded with objections on October 5, 2011.

## II. Discussion

In *Younger v. Harris*, the Supreme Court reversed an injunction against a state criminal prosecution, recognizing a "national policy forbidding federal courts to stay or enjoin state court proceedings except under special circumstances."  401 U.S. 37, 41 (1971).  This policy, now referred to as *Younger* abstention, is based on protecting the role of the jury and avoiding duplicative suits, as well as preventing undue interference with state courts.  *Id.* at 44.  These same concerns were evident in Congress's passage of the Anti-Injunction Act, which states that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.

Based on *Younger*, it is not appropriate to enjoin the Luzerne County District Attorney's Office.  The Third Circuit has held a federal court may invoke the *Younger* abstention doctrine and decline to enjoin a state proceeding where "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims."  *Miller v. Mitchell*, 598 F.3d 139, 146 (3d Cir. 2010) (quoting *Kendall v. Russell*, 572 F.3d 126, 131 (3d Cir. 2009)).  Here, Luzerne County has filed

charges against Mr. Stanley, and thus there is an ongoing state judicial proceeding. The state proceeding implicates important state interests in prosecuting allegedly violent acts within a correctional facility. Finally, the state proceeding affords Mr. Stanley an adequate opportunity to raise his federal claim: he can assert his theory of retaliation as a defense in his criminal case. Thus, *Younger* abstention is appropriate in this case.

Mr. Stanley argues that his case falls under the *Younger* exception for bad faith prosecution, citing to *Dombrowski v. Pfister*, 380 U.S. 479 (1965). In *Dombrowski*, the Supreme Court granted a preliminary injunction preventing the state from prosecuting the plaintiffs under a subversive activities law. *Id.* at 482. The plaintiffs showed that the state had repeatedly arrested them for harassment purposes, without "any expectation of securing valid convictions," and that each time the charges were later dismissed. *Id.* at 482, 488-89. Addressing the *Dombrowski* decision six years later, the *Younger* Court emphasized that enjoining state criminal prosecutions is appropriate only in "extraordinary circumstances," 401 U.S. at 53, and distinguished *Younger* from *Dombrowski* based on the "series of repeated prosecutions" in *Dombrowski*, *id.* at 49. In fact, the Supreme Court has yet to determine that any case falls into the *Dombrowski* exception based on bad faith prosecution. *Tindall v. Wayne Cnty. Friend of Court*, 269 F.3d 533, 539 (6th Cir. 2001); *see also* Erwin Chemerinsky, *Federal Jurisdiction* 860 (5th ed. 2007) (noting that "the bad faith prosecutions exception appears limited to facts such as those present in *Dombrowski*" and that "commentators label the cases fitting in this exception as constituting an 'empty universe'").

4

The facts here are distinguishable from those in *Dombrowski* and do not merit the application of the extremely narrow exception for bad faith prosecutions. Here, Mr. Stanley has not alleged that this is one in a series of prosecutions or that the Luzerne County District Attorney only intends to harass him and not to ultimately convict him. And unlike the activists in *Dombrowski*, who faced repeated charges and dismissal such that they could not actually assert their constitutional claims in court, Mr. Stanley can assert his defense at trial and present evidence of the alleged retaliation and malicious prosecution. Because this case meets the standard for *Younger* abstention and does not fall into the bad faith prosecution exception, Mr. Stanley's motion for preliminary injunction will be dismissed.

### III. Conclusion

For the reasons stated above, Magistrate Judge Carlson's R & R will be adopted. An appropriate order follows.

| | |
|---|---|
| Nov. 14, 2011 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DERRICK D. STANLEY,<br><br>    Plaintiff,<br><br>        v.<br><br>LUZERNE COUNTY DISTRICT ATTORNEY'S OFFICE, JACQUELINE M. CARROLL, DAVID PEDRI, PENNSYLVANIA STATE POLICE, CHRISTOPHER WILSON, JAMES TUPPER, PENNSYLVANIA DEPARTMENT OF CORRECTIONS, JEFFREY BEARD, OFFICE OF PROFESSIONAL RESPONSIBILITY, JAMES BARNACLE, OTHER JANE/JOHN DOES, and THE CITIZENS VOICE,<br><br>    Defendants. | CIVIL ACTION NO. 3:11-CV-1699<br><br>(JUDGE CAPUTO) |

## ORDER

 **NOW**, this   14th    day of November, 2011, **IT IS HEREBY ORDERED** that:

 (1) Magistrate Judge Carlson's Report and Recommendation (Doc. 14) is **ADOPTED.**

 (2) Plaintiff's Motion for Preliminary Injunction (Doc. 12) is **DENIED.**

 (3) The case shall be recommitted to Magistrate Judge Carlson for further proceedings.

                                            /s/ A. Richard Caputo
                                            A. Richard Caputo
                                            United States District Judge