**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DERRICK STANLEY,** | : | Civil No. 3:11-CV-1699 |
| | : | |
| **Plaintiff,** | : | |
| | : | **(Judge Caputo)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **LUZERNE COUNTY DISTRICT ATTORNEY'S OFFICE, et al.,** | : | |
| | : | |
| **Defendant.** | : | |

**REPORT AND RECOMMENDATION**

**I.   STATEMENT OF FACTS AND OF THE CASE**

This is a *pro se* civil rights complaint brought by Derrick Stanley, a state inmate, who alleges that he is part of a group of inmates known as the "Dallas 6," who are being prosecuted by state authorities as a result of events which allegedly took place at the State Correctional Institution Dallas. Stanley's civil complaint asserts that these state criminal proceedings are a malicious, false prosecution brought to intimidate and retaliate against inmates at the institution. (Doc. 1) In his complaint Stanley seeks both damages and injunctive relief as a result of these alleged constitutional infractions. (Id.)

One of the defendants named in this complaint is a local newspaper, the Citizen's Voice. As to this defendant, Stanley's original complaint contained no well-

pleaded allegations relating to the conduct of this newspaper. (Doc. 1) When the Citizen's Voice moved to dismiss this complaint on October 7, 2011, (Doc. 30), Stanley tendered a proposed amended complaint on October 20, 2011. (Docs. 36 and 37) That amended complaint simply characterized the newspaper as a "propaganda machine" for local law enforcement agencies, and alleged that the newspaper's coverage of court proceedings relating to the parallel criminal case pending against Stanley was inaccurate. (Id.) Based solely upon these allegations relating to state law torts of "defamation of character, slander, libel, [and] wrongful causing of emotional distress", (Doc. 37, p. 4), Stanley–a Pennsylvania resident–sought to sue the Citizen's Voice, a Pennsylvania newspaper.

Beyond tendering this proposed amended complaint on October 20, 2011, Stanley has not responded to the motion to dismiss filed by the Citizen's Voice in any fashion. Thus, Stanley has not complied with Local Rule 7.6, which provides that:

> **LR 7.6 Submission of Briefs Opposing Motions.**
>
> Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. Any party who fails to comply with this rule shall be deemed not to oppose such motion. Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition.

L.R. Rule 7.6.

Stanley was aware of his obligation to timely file an opposition to this motion, having been notified of that obligation on September 12, 2011, in this Court's standing practice order. (Doc. 3)

It is against this backdrop that the Citizen's Voice has filed the motion to dismiss that comes before this Court for consideration. We have examined Stanley's complaint, and his amended complaint, as those pleadings relate to the Citizen's Voice. Having conducted this examination, we conclude that neither the complaint, nor the amended complaint, states a claim upon which relief can be granted against this particular defendant. Therefore, for the reasons set forth below, it is recommended that Stanley's motion to amend, (Doc. 36), be granted but that the defendant Citizen's Voice's motion to dismiss be granted as well. (Doc. 30)

### II. Discussion

#### A. Under The Rules of This Court This Motion to Dismiss Should Be Deemed Unopposed and Granted.

At the outset, under the Local Rules of this Court the plaintiff should be deemed to concur in this motion to dismiss, since Stanley has failed to timely oppose the motion. This procedural default frustrates and impedes efforts to resolve this matter in a timely and fair fashion, and under the rules of this Court warrants dismissal of the

action, since Local Rule 7.6 of the Rules of this Court imposes an affirmative duty on the plaintiff to respond to motions and provides that:

> Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. *Any party who fails to comply with this rule shall be deemed not to oppose such motion*. Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition. A brief in opposition to a motion for summary judgment and LR 56.1 responsive statement, together with any transcripts, affidavits or other relevant documentation, shall be filed within twenty-one (21) days after service of the movant's brief.

Local Rule 7.6 (emphasis added).

It is now well-settled that "Local Rule 7.6 can be applied to grant a motion to dismiss without analysis of the complaint's sufficiency 'if a party fails to comply with the [R]ule after a specific direction to comply from the court.' Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (1991)." Williams v. Lebanon Farms Disposal, Inc., No. 09-1704, 2010 WL 3703808, *1 (M.D.Pa. Aug.26, 2010). In this case the necessity of compliance with court orders and the local rules was underscored in writing for the plaintiff at the outset of this litigation in the Court's standing practice order. (Doc. 3) Nonetheless, despite this explicit warning Stanley has not complied with the local rules, or this Court's order, by filing a timely response to this motion. Therefore, this procedural default compels the Court to consider:

> [A] basic truth: we must remain mindful of the fact that "the Federal Rules are meant to be applied in such a way as to promote justice. *See* Fed.R.Civ.P. 1. Often that will mean that courts should strive to resolve cases on their merits whenever possible. However, justice also requires that the merits of a particular dispute be placed before the court in a timely fashion ...." McCurdy v. American Bd. of Plastic Surgery, 157 F.3d 191, 197 (3d Cir.1998).

Lease v. Fishel, 712 F. Supp. 2d 359, 371 (M.D.Pa. 2010).

With this basic truth in mind, we acknowledge a fundamental guiding tenet of our legal system. A failure on our part to enforce compliance with the rules, and impose the sanctions mandated by those rules when the rules are repeatedly breached, "would actually violate the dual mandate which guides this Court and motivates our system of justice: 'that courts should strive to resolve cases on their merits whenever possible [but that] justice also requires that the merits of a particular dispute be placed before the court in a timely fashion'." Id. Therefore, we are obliged to ensure that one party's refusal to comply with the rules does not lead to an unjustified prejudice to those parties who follow the rules.

These basic tenets of fairness apply here. In this case, the plaintiff has failed to comply with Local Rule 7.6 by filing a timely response to the motion to dismiss filed by the defendant Citizen's Voice. This failure to respond now compels us to apply the sanction called for under Rule 7.6 and deem the plaintiff to not oppose this motion to dismiss.

### B.   Motion to Dismiss–Standard of Review

In any event we find that Stanley's claims against this media defendant are without merit. The Citizen's Voice has moved to dismiss this complaint alleging that it fails to states a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In addition, when reviewing *in forma pauperis* complaints, 28 U.S.C. § 1915(e)(2)(B)(ii) specifically enjoins us to "dismiss the complaint at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted."

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) continuing with our opinion in Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008) and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, __U.S. __, 129 S.Ct. 1937 (2009), the Supreme Court held that,

when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then

determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. Applying these standards, we find that this amended complaint, in its present form, is subject to summary dismissal.

### C. The Plaintiff's Current Complaint Fails to State a Claim Against the Citizen's Voice Upon Which Relief Can Be Granted

Judged against these standards, the current *pro se* amended complaint fails to state a claim against the Citizen's Voice upon which relief can be granted. It is well-settled that federal courts are courts of limited jurisdiction. Thus, we can only exercise jurisdiction over a dispute if such jurisdiction has been expressly conferred to this Court. Mindful of this principle, we find that, in its current form, the plaintiff's amended complaint simply does not allege facts which would permit this Court to exercise jurisdiction over this particular dispute.

As a general rule, there are two primary grounds for federal district court jurisdiction over a civil lawsuit. First, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–(1) citizens of different States." 28 U.S.C. § 1332(a)(1). Here Stanley's amended complaint expressly asserts Pennsylvania state law claims against the Citizen's Voice, claims premised on defamation, slander, libel and the wrongful infliction of emotional distress. However, Stanley can only assert such state law claims in federal court if he invokes this Court's diversity jurisdiction, alleging that the parties are "citizens of different states".28 U.S.C. § 1332(a)(1). Stanley makes no such claims of diversity of citizenship in his

10

amended complaint, and that amended complaint simply does not provide a basis for exercising jurisdiction in this particular case based upon diversity of citizenship since the amended complaint recites that the plaintiff and the defendant are all citizens and residents of Pennsylvania. Given that the amended complaint reveals on its face that this lawsuit is not between citizens of different states, the plaintiff simply may not invoke diversity jurisdiction in this matter.

The second ground for invoking the jurisdiction of a federal court is known as federal question jurisdiction. Under this ground of jurisdiction, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. Stanley's amended complaint does not claim that the Citizen's Voice violated the plaintiff's federally-guaranteed civil rights by publishing articles describing state criminal proceedings in Stanley's criminal case, nor can Stanley make such a claim here since it is well-established that the principal federal civil rights statute, 42 U.S.C. § 1983, does not by its own force create new and independent legal rights to damages in civil rights actions. Rather, § 1983 simply serves as a vehicle for private parties to bring civil actions to vindicate violations of separate, and pre-existing, legal rights otherwise guaranteed under the Constitution and laws of the United States. Albright v. Oliver, 510 U.S. 266, 271 (1994); Graham v. Connor, 490 U.S. 386, 393-94 (1989). Therefore, any analysis of

the legal sufficiency of a cause of action under § 1983 must begin with an assessment of the validity of the underlying constitutional and statutory claims advanced by the plaintiff.

In this regard, it is also well-settled that:

> Section 1983 provides a remedy for deprivations of federally protected rights caused by persons acting under color of state law. The two essential elements of a § 1983 action are: *(1) whether the conduct complained of was committed by a person acting under color of state law*; and (2) whether this conduct deprived a person of a federally protected right. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

Boykin v. Bloomsburg University of Pennsylvania, 893 F.Supp. 409, 416 (M.D.Pa. 1995), aff'd, 91 F3d 122 (3d Cir. 1996)(emphasis added). Thus, it is essential to any civil rights claim brought under § 1983 that the plaintiff allege and prove that the defendant was acting under color of law when that defendant allegedly violated the plaintiff's rights.

It is well-settled that a newspaper is not a state actor under 42 U.S.C. §1983. See Keisling v. Renn, 425 F. App'x 106 (3d Cir. 2011). Therefore, to the extent that Stanley's amended complaint seeks to hold this newspaper, a private party, liable for alleged civil rights violations, it fails to state a valid cause of action under 42 U.S.C. § 1983 since the statute typically requires a showing that the defendants are state actors. Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). Here, Stanley

does not allege that the Citizen's Voice, a local newspaper, is a state actor, an essential prerequisite to a federal civil rights action. Therefore, as a federal civil rights action, this amended complaint simply does not meet the requirements prescribed by law for a federal lawsuit, since "the facts alleged in the complaint are [not] sufficient to show that the plaintiff has a 'plausible claim for relief.'" Fowler, 578 F.3d at 210-11.[1]

We recognize that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, See Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Here Stanley has filed an amended complaint relating to the Citizen's Voice but this latest *pro se* complaint still does not comply with these pleading rules, and does not contain sufficient factual recitals to state a claim upon which relief may be granted. Therefore, these allegations against the Citizen's Voice should be dismissed under 28 U.S.C. § 1915A, and Rule

---

[1] Additionally, we note that Stanley has not articulated any other basis for the Court to exercise jurisdiction over his claims against the Citizen's Voice, despite submitting an amended complaint to the court which was specifically intended to address the civil culpability of this media defendant. Furthermore, we cannot perceive any other federal cause of action that Stanley could conceivably be alleging in this case that would permit the Court to exercise original subject matter jurisdiction.

12(b)(6) of the Federal Rules of Civil Procedure. Moreover, since the factual and legal grounds proffered in support of the amended complaint make it clear that he has no right to relief, granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Therefore, it is recommended that the complaint be dismissed without further leave to amend.

### III.   **Recommendation**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that Stanley's motion to amend (Doc. 36) be granted but that the defendant Citizen's Voice's motion to dismiss be granted as well.(Doc. 30)

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 28th day of November, 2011.

                                      ***S/Martin C. Carlson***
                                      Martin C. Carlson
                                      United States Magistrate Judge